FILED
JUL 30 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| RICHARD REYNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: A07CA 650SS |
| | ) | |
| DAVOL INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>DEFENDANT DAVOL INC.'S NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby removes the above-captioned action from the 274th Judicial District Court in and for Hays County, Texas, to this Court. In support of removal, Defendant states as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with his Original Petition ("Complaint") filed in the 274th Judicial District Court in and for Hays County, Texas, on or about July 9, 2007. Davol was served with the Complaint on July 25, 2007.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant (including Plaintiff's Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the 274th Judicial District Court in and for Hays County, Texas, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 124(d)(1).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing a written notice of this removal with the clerk of the 274th Judicial District Court in and for Hays County, Texas, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Defendant denies Plaintiff's claims, and although Plaintiff's Complaint expressly seeks damages only in an amount exceeding $50,000 (Compl. ¶ 1.01), Defendant believes in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See id.* ¶¶ 4.01-4.04.) Plaintiff alleges that his hernia repair failed (id. ¶ 4.03), presumably due to the allegedly defective nature of the

Composix® Kugel® hernia repair patch that he received. (*Id.* ¶ 4.04.) As a result Plaintiff claims to have "suffered greatly," and he "seeks recovery of all elements of damages permitted by law, including but not limited to" past and future medical expenses, physical pain and suffering, mental anguish, physical impairment, physical disfigurement, lost wages, and lost earning capacity. (*See id.* ¶ 5.01.)

8. The amount-in-controversy requirement is met here because the severity of the injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory damages allegations, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more").

9. Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

10. In addition, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, thus specifically pleading an amount-in-controversy in excess of $75,000. *See In re Rezulin*, 133 F. Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry); *and see, e.g.*, *Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394 (S.D. Tex. filed Apr. 24, 2007) (Ex. B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C).

**B. The Parties Are Completely Diverse**

11. On information and belief, Plaintiff is a resident and citizen of Texas. (*See* Compl. ¶ 2.1.)

12. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant Davol Inc. respectfully removes this action from the 274th Judicial District Court in and for Hays County, Texas, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendant respectfully requests an opportunity to provide briefing and oral argument.

Dated: July 27 2007

Respectfully submitted,

HARRISON, BETTIS, STAFF, MCFARLAND & WEEMS, L.L.P

D. Mitchell McFarland

D. Mitchell McFarland
Attorney-In-Charge
State Bar No. 13597700
One Allen Center
500 Dallas, Suite 2600
Houston, Texas 77002
Phone: (713) 843-7900
Fax: (713) 843-7901
mitch.mcfarland@harrisonbettis.com

**ATTORNEYS FOR DEFENDANT DAVOL INC.**

OF COUNSEL:
Kirby T. Griffis
Dana A. Gausepohl
Michael L. Junk
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 862-1639

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of July, 2007, a true and correct copy of the foregoing Notice of Removal was served upon the following counsel of record in the manner indicated below:

Michael P. Mallia
Vickery, Waldner & Mallia, L.L.P.
One Riverway, Suite 1150
Houston, TX 77056
*Certified Mail (Return Receipt Requested)*

BY: D. Mitchell McFarland
D. Mitchell McFarland