# CASE SUMMARY

## CASE NO. 07-1251

TRUE AND CORRECT COPY

**RICHARD REYNA VS. DAVOL, INC.** § § § §

Location: **274th District Court**
Judicial Officer: **Steel, Gary L.**
Filed on: **07/09/2007**

### CASE INFORMATION

**Statistical Closures**
07/30/2007 Notice Of Removal To Federal Court

Case Type: **Injury or Damage - Non Motor Vehicle**

| DATE | CASE ASSIGNMENT | |
|---|---|---|
| | **Current Case Assignment** | |
| | Case Number | 07-1251 |
| | Court | 274th District Court |
| | Date Assigned | 07/09/2007 |
| | Judicial Officer | Steel, Gary L. |

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Reyna, Richard** | **Mallia, Michael P** 713-526-1100 *Retained* |
| **Defendant** | **Davol, Inc.** | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 07/09/2007 | Plaintiffs Original Petition (Open Case) | |
| 07/12/2007 | Invoice<br>Party: Plaintiff Attorney Mallia, Michael P | |
| 07/30/2007 | Final Order/Judgment<br>*Notice of Filing Notice of Removal (to United States Court for the Western District of Texas, Austin Division)* | *7 pages* |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **Plaintiff** Reyna, Richard | |
| | Total Charges | 240.00 |
| | Total Payments and Credits | 240.00 |
| | **Balance Due as of 8/1/2007** | **0.00** |

I CECELIA ADAIR, District Clerk of Hays County, Texas, hereby certify that the forgoing, consisting of 1 pages, is a true, correct and full copy of the instrument herewith set out as it appears of record in the District Clerk's Office of Hays County, Texas this 1st day of August, 2007,
Cecelia Adair, District Clerk

By [signature]
Deputy

TRUE AND
CORRECT COPY

CAUSE NO. 07-1251

| | | |
|---|---|---|
| RICHARD REYNA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HAYS COUNTY, TEXAS |
| | § | |
| DAVOL, INC. | § | 274 JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**
**AND**
**REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, RICHARD REYNA, complaining of DAVOL, INC., and for causes of action would respectively show unto the Court and Jury the following:

**1. DISCOVERY CONTROL PLAN**

1.01 Plaintiff intends to conduct discovery under Level 3 of T.R.C.P 190.4 because the matter in controversy exceeds $50,000.00 and due to the complexity of the case.

**2. THE PARTIES**

2.1 Plaintiff, Richard Reyna is a resident of Hays County, Texas.

2.2 Defendant, Davol, Inc., is a corporation doing business in the State of Texas and may be served by serving its registered agent, CT Corporation System, 10 Weybosset Street, Providence, RI 02903.

**3. VENUE**

3.01 Plaintiffs would show that venue is proper in Hays County, Texas because the cause of action occurred in Hays County, Texas.

FILED

2007 JUL -9 PM 3:47

DISTRICT CLERK
HAYS COUNTY, TEXAS

TRUE AND CORRECT COPY

**4. FACTUAL BACKGROUND**

4.01 Stephen M. Edelstein was a patient of Charles Ray Mathis, M.D. Dr. Mathis performed surgery on Richard Reyna during which he placed composite mesh within the surgical field.

4.03 The mesh subsequently became infected and caused the necessity for further surgeries and other related medical care.

4.04 Davol, Inc. is the manufacturer of the mesh Dr. Mathis placed inside Plaintiff's body. Said mesh was defective and not suited for the intended purpose. Said mesh was eventually recalled after it has been implanted in Plaintiff.

**5. CAUSES OF ACTION**

5.01 As a result of the defective mesh, Richard Reyna has suffered greatly and seeks recovery of all elements of damages permitted by law, including but not limited to medical expenses in the past and continuing into the future, physical pain and suffering in past and continuing into the future, mental anguish in the past and continuing into the future, physical impairment in the past and continuing into the future, physical disfigurement in the past and continuing into the future, lost wages in the past and loss of wage earning capacity continuing into the future and other legally recognized elements of damages.

**6. DISCOVERY**

6.01 Under Texas Rule of Civil Procedure 194, the Plaintiffs request that Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

TRUE AND CORRECT COPY

**7. TRIAL REQUEST**

7.01 Plaintiff hereby in writing requests and demands a Trial by Jury of all contested issues of fact in this cause. A jury fee should be timely paid.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear herein and that, upon final hearing, Plaintiff have judgment against Defendant for the actual damages as set forth above, jointly and severally, exemplary damages, in an amount to be determined by the Jury and for litigation costs and expenses and have such other and further relief, to which Plaintiff may justly be entitled.

Respectfully submitted,

Michael P. Mallia, SBN: 12866500
Vickery, Waldner & Mallia, L.L.P.
One Riverway, Suite 1150
Houston, TX 77056
TEL (713) 526-1100, FAX (713) 713-523-5939
TOLL FREE 866-767-2945
ATTORNEYS FOR PLAINTIFF

I CECELIA ADAIR, District Clerk of Hays County, Texas, hereby certify that the forgoing, consisting of 3 pages, is a true, correct and full copy of the instrument herewith set out as it appears of record in the District Clerk's Office of Hays County, Texas this 1st day of August, 2007,
Cecelia Adair, District Clerk

By ______
Deputy

TRUE AND CORRECT COPY

**CECELIA ADAIR HAYS COUNTY DISTRICT CLERK**
Hays Justice Center, 110 EAST M.L.K. DR., Rm 123, San Marcos, Texas 78666
512/393-7660

# INVOICE
(Court Costs)

**July 12, 2007**

Michael P Mallia
Vickery Waldner & Mallia LLP
One Riverway, Ste. 1150
Houston, Texas 77056

Cause No. **07-1251**

| Styled | RICHARD REYNA VS. DAVOL, INC. |
|---|---|

**COURT COSTS BALANCE: $10.00**

PLEASE REMIT PAYMENT PROMPTLY TO AVOID COLLECTION PROCEEDINGS.

CECELIA ADAIR
Hays County District Clerk

By:______________________
Kathy Orlowski, Deputy

**PLEASE SHOW YOUR NAME AND CAUSE NO. 07-1251 ON ANY CORRESPONDENCEOR PAYMENTS YOU SUBMIT. THANK YOU.**

I CECELIA ADAIR, District Clerk of Hays County, Texas, hereby certify that the forgoing, consisting of 1 pages, is a true, correct and full copy of the instrument herewith set out as it appears of record in the District Clerk's Office of Hays County, Texas this 1st day of August, 20 07.
Cecelia Adair, District Clerk
By [signature]
Deputy

FILE COPY

TRUE AND CORRECT COPY

CAUSE NO. 07-1251

| | | |
|---|---|---|
| RICHARD REYNA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | HAYS COUNTY, TEXAS |
| | § | |
| | § | |
| DAVOL INC. | § | 274TH JUDICIAL DISTRICT |

**NOTICE OF FILING NOTICE OF REMOVAL**

TO: Celia Adair, Hays County District Clerk, Hays County Justice Center, 110 MLK Dr., San Marcos, Texas 78666, and counsel for Plaintiff, Michael P. Mallia, Vickery, Waldner & Mallia, L.L.P., One Riverway, Suite 1150, Houston, Texas 77056

Please take notice that Davol Inc., Defendant in this action, pursuant to federal law, has on this 27th day of July, 2007, filed with the clerk of the United States Court for the Western District of Texas, Austin Division, a Notice of Removal, a copy of which is attached and filed with this document, seeking that this action be removed to and be heard in said United States District Court, rather than in Hays County, Texas District Court. A copy of Defendant's Notice of Removal, which was filed in the said United States District Court, is attached hereto (without attachments) and made a part hereof.

FILED

2007 JUL 30 PM 3:00

DISTRICT CLERK
HAYS COUNTY, TEXAS

TRUE AND CORRECT COPY

Respectfully submitted,

Dated: July 27, 2007

HARRISON, BETTIS, STAFF, MCFARLAND & WEEMS, L.L.P

D. Mitchell McFarland

D. Mitchell McFarland
Attorney-In-Charge
State Bar No. 13597700
One Allen Center
500 Dallas, Suite 2600
Houston, Texas 77002
Phone: (713) 843-7900
Fax: (713) 843-7901
mitch.mcfarland@harrisonbettis.com

**ATTORNEYS FOR DEFENDANT DAVOL INC.**

OF COUNSEL:
Kirby T. Griffis
Dana A. Gausepohl
Michael L. Junk
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 862-1639

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of July, 2007, a true and correct copy of the foregoing Notice of Removal was served upon the following counsel of record in the manner indicated below:

Michael P. Mallia
Vickery, Waldner & Mallia, L.L.P.
One Riverway, Suite 1150
Houston, TX 77056
*Certified Mail (Return Receipt Requested)*

BY: D. Mitchell McFarland

D. Mitchell McFarland

TRUE AND CORRECT COPY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD REYNA, Plaintiff, vs. DAVOL INC., Defendant. | ) | Case No.: ______________ |

## DEFENDANT DAVOL INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby removes the above-captioned action from the 274th Judicial District Court in and for Hays County, Texas, to this Court. In support of removal, Defendant states as follows:

### I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with his Original Petition ("Complaint") filed in the 274th Judicial District Court in and for Hays County, Texas, on or about July 9, 2007. Davol was served with the Complaint on July 25, 2007.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant (including Plaintiff's Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the 274th Judicial District Court in and for Hays County, Texas, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 124(d)(1).

TRUE AND
CORRECT COPY

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing a written notice of this removal with the clerk of the 274th Judicial District Court in and for Hays County, Texas, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Defendant denies Plaintiff's claims, and although Plaintiff's Complaint expressly seeks damages only in an amount exceeding $50,000 (Compl. ¶ 1.01), Defendant believes in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See id.* ¶¶ 4.01-4.04.) Plaintiff alleges that his hernia repair failed (id. ¶ 4.03), presumably due to the allegedly defective nature of the

TRUE AND CORRECT COPY

Composix® Kugel® hernia repair patch that he received. (*Id.* ¶ 4.04.) As a result Plaintiff claims to have "suffered greatly," and he "seeks recovery of all elements of damages permitted by law, including but not limited to" past and future medical expenses, physical pain and suffering, mental anguish, physical impairment, physical disfigurement, lost wages, and lost earning capacity. (*See id.* ¶ 5.01.)

8. The amount-in-controversy requirement is met here because the severity of the injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory damages allegations, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more").

9. Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

10. In addition, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, thus specifically pleading an amount-in-controversy in excess of $75,000. *See In re Rezulin*, 133 F. Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry); *and see, e.g., Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394 (S.D. Tex. filed Apr. 24, 2007) (Ex. B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C).

I CECELIA ADAIR, District Clerk of Hays County, Texas, hereby certify that the forgoing, consisting of 5 pages, is a true, correct and full copy of the instrument herewith set out as it appears of record in the District Clerk's Office of Hays County, Texas this 1st day of August, 2007.
Cecelia Adair, District Clerk
By ________________
Deputy